# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

---

IN THE MATTER OF THE PETITION OF HENRY J. NEWTON
TO VACATE AN ASSESSMENT.

*Section 91 of chap. 335 of 1873 — construction of — when work under, must be·
done by contract.*

APPEAL from an order vacating an assessment for regulating, grading and paving One Hundred and Twenty-third street, in the city of New York, on the ground that the commissioner of public works was not authorized to make the improvement by days' work, but should have done it by contract awarded to the lowest bidder.

The argument depends upon the construction of the 91st section of the charter of the city of New York, of 1873, and of the ordinance of the common council, under which the improvement was made by the commissioner of public works.

The said section of the charter (chap. 335, Laws 1873) required all work, involving an expenditure of more than $1,000, to be let by contract, " excepting such works now in progress as are authorized by law or ordinance to be done otherwise than by contract ; and *unless otherwise ordered by a vote of three-fourths of the members elected to the common council.*"

The ordinance of the common council is in these words :

" Resolved, That the regulating, grading, setting curb and gutter stones, flagging side-walks and the roadway or surface construction of the following named avenues and streets, to wit : * * * One Hundred and Twenty-third street, from the westerly line of New avenue on the westerly side of Mount Morris square to the easterly line of Ninth avenue, and from the westerly

line of Tenth avenue to the Boulevard, * * * be executed under the direction of the commissioner of public works, by days' works, or in such manner as the said commissioner may deem expedient for the best interests of the city and property owners, and of such material and on such plans. as may be prescribed or determined by said commissioner of public works," etc.

The court, at General Term, said: "As an original question we should regard the ordinance of the common council directing that the work be done " under the direction of the commissioner of public works by days' work, or in such manner as the said commissioner may deem expedient for the best interests of the city and of the property owners, and of such material, and on such plans as may be prescribed or determined by the said commissioner of public works;" ' adopted by a vote of three-fourths of the members elected to the common council, as a sufficient order, under section 91 of chapter 335 of the Laws of 1873, that the work be done otherwise than by contract, as provided in said section 91.

" It seems in fact to us to be a declaration of the common council, adopted by the large conservative vote required by the act, that the work be done by the commissioner of public works in such manner as he shall deem expedient for the best interests of the city and property owners, and by that officer only, in whatever manner it might be done.

" There is no remission to him, of the duty of the common council, to determine whether it shall be by contract or not, but the imperative imposition of a duty upon him to proceed to do the work himself according to his best judgment in respect of the manner.

" It was, however, held otherwise in respect of this particular ordinance by the learned chief judge of the Court of Common Pleas in the *Matter of the Presbytery of New York*, and his opinion is now before us. Since this case was argued, the General Term of that court has affirmed the decision of the chief judge, and adopted the opinion pronounced by him at Special Term, as the opinion of that court. The question involved has therefore been determined by the General Term of a court of concurrent jurisdiction in such cases ; and, under the circumstances,

we feel bound to follow that decision until it be corrected by the Court of Appeals, if it shall appear to have been erroneous.

" This necessarily leads to an affirmance of the order below.

" The order should be affirmed, with ten dollars costs and disbursements."

*Hugh L. Cole*, for the appellant. *J. A. Deering*, for the respondent.

Opinion by DAVIS, P. J., BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Order affirmed, with ten dollars costs and disbursements.